**EXHIBIT A**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("**Agreement**") is made and entered into as of this _____ day of June, 2022, by and among the CITY OF LOS ANGELES, a municipal corporation existing under the laws of the State of California (the "**City**"), LARRY DUNN, an individual ("**Dunn**"), and CANGRESS, a California non-profit organization ("**CANGRESS**, and collectively with Dunn the "**Plaintiffs**"). The City and Plaintiffs may be referred to herein as a "**Party**" and collectively referred to as the "**Parties**."

### RECITALS

A. Whereas, on January 15, 2020, Plaintiffs filed a lawsuit in the United States District Court, Central District of California entitled *Dunn et al. v. City of Los Angeles*, Case No. Case No. 2:20-cv-420 FLA (JPRx) (the "Action");

B. WHEREAS, in the Action, Plaintiffs allege claims against the City under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132 *et seq.*, the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54.1 *et seq.*, the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 14 of the California Constitution relating to the Administrative Citation Enforcement Program, Los Angeles Municipal Code ("LAMC") 11.2 *et seq.*, ("ACE").

C. WHEREAS, the City expressly denies all claims alleged in the Action;

D. WHEREAS, the Parties desire to fully and finally compromise and settle all claims arising out of or relating to all matters alleged or that could have been alleged in the Action, without any admission of fault, liability or wrongdoing, in the interests of avoiding the additional expense and the inherent uncertainties of further litigation upon the terms and conditions set forth in this Agreement.

NOW THEREFORE, in consideration of the premises, the covenants, terms and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1. EFFECTIVE DATE. As used herein, the "**Effective Date**" of this Agreement means the date on which all of the following has occurred: (i) the Parties have each signed and exchanged duly executed copies of this Agreement; and (ii) the City provides written confirmation that the City has formally and finally approved this Agreement as set forth in Section 6 of this Agreement.

2. NON-MONETARY RELIEF. The City has remediated and will remediate the alleged access and accommodation barriers to ACE as of the Effective Date as follows:

    a. The City shall make all forms and processes, subject to this Agreement, available to any Responsible Person throughout all phases of the ACE administrative hearing process. As used in this Agreement, the defined term "**Responsible Person**" shall have the same meaning as defined in LAMC 11.2.02.

b. The City shall use its Department on Disability ("**DOD**") ADA Accommodations and Grievance Policies and Procedures for resolving grievances under Title II of the ADA (https://disability.lacity.org/procedures-and-forms/americans-disabilities-act-title-ii-grievance-policy-and-procedure, "**ADA Procedures**"), for addressing accommodation requests, grievances, and/or appeals relating to the ACE administrative hearing process.

c. The DOD shall designate an assigned DOD coordinator to ACE within 90 days of the Effective Date, and shall make the DOD coordinator's contact information available on the ACE instruction forms.

d. The City shall ensure that accommodation requests and all granted reasonable accommodations be tracked in the Responsible Person's case file. Reasonable accommodations will be provided to Responsible Person(s) throughout all phases of the ACE administrative hearing process.

e. The City shall amend the City Attorney's Policies and Procedure for Administrative Hearings Conducted under Chapter One of the Los Angeles Municipal Code ("**ACE Hearing Policies and Procedures**") to address the process for requesting reasonable accommodations, designated contact(s) for accommodation requests, information regarding the ADA Procedures, clarification regarding the ACE administrative hearing procedures, additional information regarding the advance deposit fine waivers under LAMC 11.2.08(a)(2) and evidence of financial hardship.

f. The City shall revise its ACE Frequently Asked Question Sheet ("FAQs") to identify the City's designated contact(s) for accommodation requests, provide information regarding the ADA Procedures and DOD contact information, and clarify the process for requesting an advance deposit fine waiver under LAMC 11.2.08(a)(2).

g. The City's amended ACE Hearing Policies and Procedures and FAQs shall be made publicly available and posted on the City Attorney's ACE website.

h. The City shall revise the forms of the ACE Notice of Administrative Violation, Request for Initial Review, Advance Deposit Fine Waiver, and Administrative Hearing Letter to include additional notice stating, in form, that "The City of Los Angeles will provide reasonable accommodation(s) to ensure equal access to its programs, services, and facilities for people with disabilities. To make a request, please contact the" DOD coordinator designated pursuant to this Agreement.

i. Reasonable accommodation requests, including requests for extensions of time, will be provided throughout all phases of the ACE administrative hearing process, including deadlines for payment of administrative fines, deadlines for submitting a Request for Initial Review, Request for Hearing, and/or Request for Advance Deposit Fine Waiver (also referred to as "Hearing Requests"). The ACE program website interface for Responsible Person to access their citation(s) online will include all relevant numbers for all Hearing Requests or extension of time. If the accommodation is requesting an extension of time and if that request is made beyond a deadline,

including without limitation under LAMC 11.2.08(a), then the request will also be reviewed and granted if appropriate.

j. The City shall implement a revised form of Request for Advance Deposit Fine Waiver under LAMC 11.2.08(a)(2)(A). A Responsible Person shall report income level on the revised Request for Advance Deposit Fine Waiver under the penalty of perjury. A Responsible Person shall not be required to provide documents supporting receipt of public benefits, to provide evidence of identity, submit to interview of financial circumstances, or be physically present to fill out form.

k. The City shall make all forms, subject to this Agreement, available at the DOD office(s) during regular business hours. The City shall address through the DOD reasonable accommodation requests for in-person assistance or to obtain hard copies of ACE forms at alternative City locations during regular business hours. Responsible Person(s) may also contact the DOD toll free by dialing 311 and requesting connection to the DOD coordinator.

l. The City shall take measures to ensure that City Attorney's ACE website is accessible under Title II of the ADA and meets the operative Web Content Accessibility Guidelines ("**WCAG**").

m. The City shall continue to provide sign-language interpreters at its own cost if requested for ACE administrative hearings.

n. The City shall continue to require that any ACE vendor(s) provides services that are accessible and meet applicable standards under Title II of the ADA and as required under this Agreement. The City shall ensure that any ACE vendor(s) use the ACE forms, notices, processes and services that are subject to this Agreement, including a contact number to request an accommodation for an extension of time after the time to submit a Request for Initial review under LAMC 11.2.08(a) has expired.

o. The DOD shall provide ADA-related training to ACE staff within 60 days of the Effective Date.

p. Within twelve (12) months of the Effective Date, the Parties agree to meet and confer to discuss the implementation of this Agreement and whether any further modifications to ACE forms or procedures may be needed if good cause is shown that new accommodation barriers or access issues have arisen less than one year after the Effective Date. The Parties acknowledge and agree that any modifications or amendments to this Agreement under this subsection shall by subject to final approval pursuant to Section 6 below.

3. ACE CITATION NO. A-218541. Within five (5) business days of the Effective Date, the City shall void in its entirety ACE Citation No. A-218541 issued on September 3, 2019, including all assessed administrative fines and late payment penalties.

4. DISMISSAL OF ACTION WITH PREJUDICE. Plaintiffs shall seek a dismissal of the Action with prejudice within ten (10) business days of the Effective Date of this

Agreement.

5. GENERAL RELEASE. Except for the rights and obligations set forth in this Agreement, the following release shall become effective as of the Effective Date of this Agreement for and in consideration of the covenants and promises set forth herein:

   a. The undersigned Plaintiffs to this Agreement, on behalf of themselves, and their respective heirs, spouses, trustees, successors, assigns, agents, representatives, attorneys, employees, officers, directors, shareholders, members, managers, principals, partners, insurers, and predecessors does hereby forever release, acquit, and discharge the City and all of its boards, bureaus, departments, administrators, officers, elected officials, agents, employees, and all persons that acted on behalf of the City (collectively the "**City Released Parties**") from any and all claims, demands, actions, causes of action, suits, covenants, settlements, contracts, agreements, and liabilities for personal injuries, property damage, loss, cost or expense of every nature whatsoever, whether known or unknown, contingent or otherwise, at law or in equity, and whether or not expected to exist (the "**Claims**") which the undersigned Plaintiffs to this Agreement had, have or may have against the City Released Parties, and each of them, arising out of or related to the Action, and any allegations, events, transactions or occurrences that were alleged or that could have been alleged therein (the "**City Released Claims**").

   b. The undersigned Plaintiffs to this Agreement further acknowledge and agree that, as to the City Released Claims, Plaintiffs waive and relinquish the provisions of any protection under Section 1542 of the California Civil Code, and/or any similar law, either federal or of any state or territory of the United States or statute or applicable law anywhere existing. Plaintiffs acknowledge and agree that they understand the meaning of California Civil Code Section 1542, which provides as follows:

   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

   c. The undersigned Plaintiffs to this Agreement expressly acknowledge that they understand the significance and consequence of such specific waiver of Section 1542 as applied to the City Released Claims.

6. CITY COUNCIL APPROVAL. The Parties understand and agree that this Agreement may be subject to final approval by the Los Angeles City Council or other City officers, boards, commissions, or entities, and that the execution of this Agreement is subject to and conditioned upon the granting of all such City approvals needed to make this Agreement final and binding. The person signing this Agreement on behalf of the City will recommend that this Agreement be so approved. Once the City has formally and finally approved this Agreement, within five (5) business days of such approval being given, the City shall

4

provide Plaintiffs' counsel of record with written confirmation of said approval and commencement of the Effective Date.

7. NO RELIANCE. Except as expressly set forth herein, the Parties are not entering into this Agreement in reliance upon any express or implied warranty, representation, agreement, or understanding of any kind made by, or entered into by, the Parties or any of their respective Affiliates. The Parties expressly acknowledge and agree that they have each relied upon their own information and investigations as to all matters agreed, represented, warranted, or acknowledged herein, and the Parties do not have any desire for further information or for further investigation.

8. INTEGRATION. This Agreement supersedes any and all other agreements, understanding or representations, either oral or in writing, with respect to the matters addressed herein. This Agreement sets forth the entire agreement of the Parties hereto with respect to such matters.

9. AMENDMENTS. The Parties hereto agree that this Agreement shall only be amended by written instruments executed by the Parties.

10. ADVICE OF COUNSEL. In entering this Agreement, the Parties represent that they have had the opportunity to seek the advice of an attorney of their own choice, to review and explain the terms of this Agreement, and/or that they have voluntarily and willingly waived such right having read and understood the Agreement on their own behalf.

11. GOVERNING LAW. This Agreement shall be construed in accordance with the laws of the State of California. If any action is filed to enforce or interpret any of the terms or provisions of this Agreement, the Parties agree that this Agreement is to be performed in the County of Los Angeles, State of California.

12. SEVERABILITY. If any provision of this Agreement shall for any reason be determined by a court of competent jurisdiction (sustained on appeal, if any) to be unenforceable in any respect, the remainder of this Agreement shall remain unaffected and in full force and effect.

13. COUNTERPARTS. This Agreement may be executed in any number of counterparts. Any such counterpart, when executed, shall constitute an original of this Agreement, and all such counterparts together shall constitute an original of this Agreement, and all such counterparts together shall constitute one and the same Agreement. Any photocopied, faxed or emailed version of this Agreement bearing one or more authentic signatures shall be valid, binding and admissible for all purposes as though original.

14. FURTHER ASSURANCES. Each Party agrees to make, execute and deliver such other instruments or documents, and to do or cause to be done such further or additional acts, as reasonably may be necessary in order to effectuate the purposes or to implement the terms of this Agreement.

15. NO THIRD-PARTY BENEFICIARIES. Notwithstanding anything in this Agreement to the contrary, there are no intended third-party beneficiaries that may assert rights or

defenses under this Agreement, except the Parties to this Agreement.

16. WAIVER. No waiver of any provision of this Agreement shall be effective unless such waiver is in writing and signed by the waiving Party, and any such waiver shall not be deemed a waiver of any other provision of this Agreement.

17. NO ADMISSION OF LIABILITY. This Agreement is in compromise of disputed claims, and neither the execution and delivery of this Agreement, nor the performance of any obligations thereunder, shall be construed as an admission of liability or wrong doing or as an admission of any other matter on the part of any of the Parties, or any of them.

18. NO ATTORNEYS' FEES. The Parties agree that each Party shall bear its own attorneys' fees and costs incurred in the Action and the negotiation and consummation of the settlement contemplated by this Agreement.

19. CONSTRUCTION. This Agreement shall not be construed against any of the parties and the rule of construing contract ambiguities against the party drafting the contract shall be inapplicable.

20. EFFECT OF HEADING. The headings used in this Agreement are for convenience only and shall not affect the construction or interpretation this Agreement.

21. EXTENSIONS FOR EMERGENCY SITUATIONS. When an earthquake, fire, public health crisis such as Covid-19, other public emergency declared by the City's Mayor and approved by City Council or the destruction of or danger to public offices, makes it necessary to close available ACE services the time allowed for a person seeking a disability accommodation will be extended during such periods of time when the City is closed or provided limited services during an emergency.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

**CITY OF LOS ANGELES**

By: _____
Printed: _____
Title: _____

*[signature]*
LARRY DUNN

CANCRESS

By: *[signature]*
Printed: Pete White
Title: Exec. Dir

Reviewed and approved as to form and content:

*[signature]*
Carol A. Sobel
Law Office of Carol Sobel
Counsel for Plaintiffs

7

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

**CITY OF LOS ANGELES**

By: _____

Printed: Felix Lebron

Title: Deputy City Attorney


**LARRY DUNN**


**CANGRESS**

By: _____

Printed: _____

Title: _____


Reviewed and approved as to form and content:

_____
Carol A. Sobel
Law Office of Carol Sobel
Counsel for Plaintiffs


Reviewed and approved as to form and content:

_Lili V Graham_
Lili Graham
Disability Rights California
Counsel for Plaintiffs

7